**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JASON A. KETCHUCK,**

                **Plaintiff,**

    **-against-**                                      **3:10-CV-870**
                                                    **(TJM / DEP)**

**BRAD A. BOYER,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.     INTRODUCTION**

Plaintiff Jason A. Ketchuck commenced this action *pro se* asserting claims of false arrest, malicious prosecution, and abuse of process pursuant to 42 U.S.C. § 1983. See Compl., dkt. # 1. Defendant moves for summary judgment seeking to dismiss the action in its entirety. See Motion, dkt. # 15. In opposition, Plaintiff filed only affidavits from himself and his father. See Opp., dkt. # 18.[1]  Defendant has filed a reply. See Reply, dkt. # 19.

---

[1] Plaintiff was served with the Northern District's standard summary judgment notification for *pro se* litigants, see dkt. # 15-1. This notification provided, *inter alia*,

> Pursuant to Local Rule 7.1 of the Northern District of New York, you are required to submit
> the following papers in opposition to this motion: (I) a memorandum of law (containing
> relevant factual and legal argument); (ii) one or more affidavits in opposition to the motion
> and (iii) a short and concise statement of material facts as to which you claim there are

(continued...)

1

The Court has determined to decide the motion based upon the submissions alone. See N.D.N.Y.L.R. 7.1(h)("In the district court judge's discretion . . . , the district court judge may dispose of a motion without oral argument. Thus, the parties should be prepared to have their motion papers serve as the sole method of argument on the motion.").

## II.   STANDARD OF REVIEW

The Court may grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party must show, by affidavits or other evidence, admissible in form, that there are specific factual issues that can only be resolved at trial. Colon v.

---

[1](...continued)
genuine issues in dispute. These papers must be filed and served in accordance with the time set by Local Rule 7.1.

If you do not submit a short and concise statement of material facts as to which you claim there are genuine issues in dispute, all material facts set forth in the statement filed and served by the defendant(s) shall be deemed admitted.

Coughlin, 58 F.3d 865, 872 (2d Cir. 1995). "[P]roceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment." Viscusi v. Proctor & Gamble, 2007 WL 2071546, at * 9 (E.D.N.Y. July 16, 2007).

In determining whether to grant summary judgment, the Court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 127 S. Ct. 1769, 1776 (2007). The nonmoving party cannot defeat summary judgment by "simply show[ing] that there is some metaphysical doubt as to the material facts," Matsushita., 475 U.S. at 586, or by a factual argument based on "conjecture or surmise." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). In this regard, a party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in the pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

The Local Rules of the Northern District require a party moving for summary judgment to submit a "Statement of Material Facts" which sets forth, with citations to the record, each material fact about which the moving party contends there exists no genuine issue. N.D.N.Y.L.R. 7.1(a)(3). Once a properly supported Local Rule 7.1(a)(3) Statement is submitted, the party opposing the motion must

> file a response to the [movant's] Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs. <u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically</u>

3

<blockquote>controverted by the opposing party.</blockquote>

Id. (underscoring in original).

The responding Statement of Material Facts is not a mere formality, and the courts apply this rule strictly. See N.Y. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc., 426 F.3d 640, 648-49 (2d Cir. 2005)(upholding grant of summary judgment where "[t]he district court, applying Rule 7.1(a)(3) strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant submitted a responsive Rule 7.1(a)(3) statement that "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations."); Gubitosi v. Kapica, 154 F.3d 30, 31 n. 1 (2d Cir. 1998)(per curiam)(accepting as true material facts contained in unopposed local rule statement of material facts); Meaney v. CHS Acquisition Corp., 103 F. Supp.2d 104, 108 (N.D.N.Y. 2000)(deeming movant's Rule 7.1(a)(3) Statement admitted where non-movant's response "set forth *no* citations – specific or otherwise – to the record")(emphasis in original); McKnight v. Dormitory Auth. of State of N.Y., 189 F.R.D. 225, 227 (N.D.N.Y. 1999)(McAvoy, J.)("deem[ing] the portions of Defendants' 7.1(a)(3) statement that are not specifically controverted by Plaintiff to be admitted"); Osier v. Broome County, 47 F. Supp.2d 311, 317 (N.D.N.Y. 1999) (McAvoy, J.)(deeming admitted all facts in defendants' Rule 7.1(a)(3) statement where "plaintiff submitted thirteen pages of purported facts without any indication where those facts can be located in the record").

While the Court must construe a *pro se* litigant's pleadings and papers liberally and interpret them to raise the strongest arguments that they suggest, Govan v. Campbell, 289

F. Supp.2d 289, 295 (N.D.N.Y. 2003);[2] Veloz v. New York, 339 F. Supp.2d 505, 513 (S.D.N.Y. 2004), the application of this lenient standard does not relieve a *pro se* litigant of the requirement to follow the procedural formalities of Local Rule 7.1(a)(3). Govan, 289 F. Supp.2d at 295; see also Faretta v. California, 95 S. Ct. 2525, 2541 n. 46 (1975)("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); Edwards v. INS, 59 F.3d 5, 8 (2nd Cir. 1995)("While a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.").

### III. BACKGROUND

Because Plaintiff has not submitted an opposing Statement of Material Facts, the properly supported facts set forth in Defendant's Statement of Material Facts are deemed admitted for purposes of this motion. N.D.N.Y.L.R. 7.1(a)(3). Except where indicated otherwise, the following facts are taken from Defendant's Statement of Material Facts.

Defendant Brad A. Boyer is a uniformed New York State Trooper assigned to the Owego Barracks of Troop C of the New York State Police, headquartered in Sidney, New York. On October 22, 2008, he responded to a call from an individual named Carol A Smith who complained that Plaintiff Jason Ketchuck, one of the sons of her next door neighbor, had repeatedly driven his vehicle through her yard, and that the most recent occasion on which this had occurred was at approximately 7:38 AM on October 22, 2008. She complained that this course of conduct had caused rutting and damage to her front lawn.

---

[2] To construe pleadings liberally means the Court must view the submissions by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." Govan, 289 F. Supp.2d at 295.

5

Upon responding to the call, Trooper Boyer observed the rutting and damage to Ms. Smith's lawn alongside the roadway in front of her house, and took a series of photographs of the lawn. Trooper Boyer took a sworn statement from Ms. Smith on October 22, 2008, and she signed a Complaint against Jason A. Ketchuck on the same date accusing him of Trespass, in violation of New York Penal Law § 140.05.  Based upon the information provided by Ms. Smith and the property damage that he observed and photographed on October 22, 2008, Trooper Boyer also prepared and signed an Information charging Jason A. Ketchuck with Criminal Mischief in the Fourth Degree.

On October 31, 2008, Trooper Boyer requested that Plaintiff come to the Owego Barracks to meet with him concerning Ms. Smith's complaint, which he did. Mr. Ketchuck admitted that he had been the driver of the small grey car on the date and time that had been the subject of Ms. Smith's complaint; however, he denied that he had driven the car on her lawn.  Mr. Ketchuck also contended that the ruts near the road were on property that was abandoned by the Town of Owego in 1934 and that, although Ms. Smith "extended the landscaping of her property onto the abandoned road without the Town's permission" seven (7)years prior, his father was claiming ownership of this property in a quite title action in New York State Supreme Court.  Jason Ketchuck Aff., ¶ 9; see James Ketchuck Aff., ¶¶ 2, 8.  Ketchuck's father also contends that, prior to charges being levied against his son, he met with Trooper Boyer and attempted to show Trooper Boyer "property maps, surveys, deeds, and town records which set forth the property lines and boundaries of the property owned by [Ms.] Smith," but Trooper Boyer "refused to look at them." James Ketchuck Aff., ¶¶ 6-7.

Trooper Boyer issued Plaintiff an appearance ticket charging him with Trespass in

violation of Penal Law § 140.05 and Criminal Mischief in the Fourth Degree in violation of Penal Law § 145.  After issuing the appearance ticket to Jason A. Ketchuck on October 31, 2008, Trooper Boyer did not have any further involvement in the prosecution of this case. The charges were Dismissed in the Interest of Justice in the Owego Town Court on May 27, 2009.

## IV.     DISCUSSION

### a. False Arrest

Plaintiff claims that he was falsely arrested by Defendant. A false arrest claim, whether brought under federal or state law,³ will fail if, at the time of the seizure, the arresting officer had probable cause to make an arrest.  Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003); Smith v. Edwards, 175 F.3d 99, 105 (2d Cir. 1999); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.1996); see Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006)("Under New York law, the existence of probable cause is an absolute defense to a false arrest claim.").  "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 125 S. Ct. 588, 593 (2004)(citing Maryland v. Pringle, 540 U.S. 366, 371 (2003)).

"Probable cause exists if at the time of the arrest 'the facts and circumstances within th[e officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or

---

³Plaintiff asserts claims only under federal law pursuant to 42 U.S.C. § 1983.  However, given Plaintiff's *pro se* status, the Court examines the potential supplemental state law claims that might be asserted.

7

was committing an offense.'" Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010 (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)); see Posr v. Court Officer Shield No. 207, 180 F.3d 409, 414 (2d Cir. 1999). The relevant inquiry is whether "probable cause existed to arrest a defendant" and "it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly, 439 F.3d at 154; see Devenpeck v. Alford, 543 U.S. 146 (2004) (probable cause to arrest can exist even if offense relied upon is not even "closely related" to offense charged). "A probable cause determination does not require proof beyond a reasonable doubt; it is the mere probability of criminal activity, based on the totality of the circumstances, that satisfies the Fourth Amendment." Hahn v. County of Otsego, 820 F. Supp. 54, 55 (N.D.N.Y. 1993), aff'd, 52 F.3d 310 (2d Cir. 1995). "[T]he eventual disposition of the criminal charges is irrelevant to the probable cause determination." Hahn, 820 F. Supp. at 55 (citing Pierson v. Ray, 386 U.S. 547, 555 (1967)).

"It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) (quoting Miroslavsky v. AES Eng'g Soc'y, 808 F. Supp. 351, 355 (S.D.N.Y.1992), aff'd 993 F.2d 1534 (2d Cir. 1993)). "If policemen arrest a person on the basis of a private citizen's complaint that if true would justify the arrest, and they reasonably believe it is true, they cannot be held liable . . . merely because it later turns out that the complaint was unfounded." Lee v. Sandberg, 136 F.3d 94, 103 (2d Cir. 1997); see Calderola v. Calabrese, 298 F.3d 156, 165 (2d Cir. 2002)("[W]hen an average citizen tenders information to the police, the police should be

8

permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that might not be the case."). Once a police officer has probable cause, he need not explore "every theoretically plausible claim of innocence before making an arrest." Ricciuti v. New York City Transit Authority, 124 F.3d 123, 128 (2d Cir. 1997); see Coons v. Casabella, 284 F.3d 437, 441 (2d Cir. 2002)("[P]olice officers are not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."); Hotaling v. LaPlante, 67 F. Supp. 2d 517, 522 (N.D.N.Y. 2001)(valid probable cause to arrest rested upon information supplied by an identified witness, and even though a further investigation by the Trooper would have led to a contradictory conclusion, Trooper's conduct was not unreasonable under the circumstances).

Where the facts surrounding the arrest are uncontroverted, the determination as to whether probable cause existed may be made by the Court as a matter of law. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Even where factual disputes exist, a § 1983 claim may fail if the plaintiff's version of events is sufficient to establish probable cause to arrest. Mistretta v. Prokesch, 5 F. Supp.2d 128, 133 (E.D.N.Y. 1998).

Here, the alleged victim provided Defendant with a sworn statement that Plaintiff repeatedly drove his vehicle over a portion of her lawn causing damage to it. The victim's statement was corroborated by the tire marks and the ruts in the lawn which Defendant observed and photographed; and by Plaintiff's admission that he was the driver of the car alleged to have caused damage to the lawn. These facts provided more than ample probable cause for Defendant to believe that Plaintiff committed the offense of Trespass

9

under Section 140.05 of the New York Penal Law.[4] In this regard, the facts provided probable cause to believe that Plaintiff had intentionally driven his car across Ms. Smith's lawn on October 22, 2008; that she did not consent to his doing so; and that Plaintiff's conduct on his neighbor's property, which had caused observable damage to the lawn, was not conduct that Plaintiff was licensed or privileged to engage in. See Caidor v. Harrington, 2009 WL 174958 (N.D.N.Y. 2009) (Suddaby, J.) (granting summary judgment dismissing § 1983 false arrest claim based on arrest for violation of P.L. § 140.05). Moreover, these same facts provided ample probable cause to believe that Plaintiff had committed the offense of Criminal Mischief in the Fourth Degree in violation of N.Y. Penal Law § 145[5] in that the facts, including the allegation that Plaintiff's car was repeatedly driven on the lawn, provided probable cause to believe that Plaintiff intentionally damaged Ms. Smith's property by driving his car on it.

Because a police officer need not explore every theoretically plausible claim of innocence before making an arrest, and because the existence of probable cause is determined by a standard far less burdensome than determining guilt, Defendant's

---

[4]Section 140.05 of New York Penal Law provides that "[a] person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises. Trespass is a violation." "Premises" is defined to include any "building" or "real property." Penal Law 140.00(1). Penal Law § 140.00(5) provides that a person "enters or remain(s) unlawfully upon premises when he is not licensed or privileged to do so."

[5]In relevant part, Penal Law § 145 provides:

A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she:

1. Intentionally damages property of another person[.]

"While no statutory definition of 'damages' is provided, it is commonly recognized that the term contemplates 'injury or harm to property that lowers its value or involves loss of efficiency' and that only 'slight' damage must be proved" to establish a violation of Penal Law § 145. People v. Collins, 288 A.D.2d 756, 758 (3d Dept. 2001).

probable cause determination is not negatively affected by Plaintiff's assertion of innocence or by Defendant's failure to review the property maps or surveys.[6] A police officer is not required to conduct an investigation if the facts demonstrate that probable cause exists that an offense has been committed. Accordingly, Defendant was not required to conduct independent research into who actually owned the property claimed by Ms. Smith as her front lawn before issuing the appearance ticket. This is especially so in light of the undisputed facts that the tire marks were on property abutting Ms. Smith's front lawn and on a piece of property over which Ms. Smith purportedly "extended the landscaping of her property" some seven (7) years prior to the incident. These facts provided reasonable corroboration for Ms. Smith's sworn statement that the tire marks and ruts were on her property.

Even assuming, *arguendo*, that actual probable cause did not exist such to satisfy the demands of the Fourth Amendment, arguable probable cause existed such to entitle Defendant to qualified immunity. See Zellner v. Summerlin, 494 F.3d 344, 369–70 (2d Cir. 2007) (discussing "arguable probable cause" as basis for qualified immunity). Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Amore, 624 F.3d at 536 (citing Walczyk v. Rio, 496 F.3d 139, 163 (2d Cir. 2007)) . To determine whether an officer had arguable

---

[6]Defendant denies that the purported property dispute regarding the subject portion of Ms. Smith's front yard was ever articulated to him. Regardless, even if a property dispute regarding the subject property was articulated to Defendant, he was not required to a perform a title search or make additional inquiry to resolve the dispute in light of the sworn statement by Ms. Smith that the property in question belonged to her.

11

probable cause, the objective information he possessed at the time of the arrest is examined, not the "subjective intent, motives or beliefs" of the officer. Id. Here, the information Defendant possessed at the time he issued the appearance ticket provided an objectively reasonable basis for him to believe that probable cause existed for the two offenses with which Plaintiff was charged. Accordingly, Defendant is entitled to qualified immunity on the false arrest claim because it was objectively reasonable for him to believe that his acts did not violate Plaintiff's clearly established rights under the Fourth Amendment. Id. at 530 ([Q]ualified immunity . . . is sufficient to shield executive employees from civil liability under § 1983 if either (1) their conduct did not violate clearly established rights of which a reasonable person would have known, or (2) it was objectively reasonable [for them] to believe that their acts did not violate these clearly established rights."). For these reasons, the false arrest claim is dismissed.

### b.  Malicious Prosecution

Based on the undisputed facts that supplied Defendant with actual probable cause to believe that Plaintiff committed the two offenses for which he was charged, the malicious prosecution claim also fails as a matter of law. See Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000)(an element of a malicious prosecution claim is that the defendant lacked probable cause to believe the proceeding could succeed).

Moreover, to state a claim for malicious prosecution under either § 1983 or New York state common law, Plaintiff must establish, *inter alia*, "termination of the proceeding in [the accused's] favor." Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009). Whether

termination is deemed favorable to the accused is determined in accordance with applicable state law, here, New York law. Hygh v. Jacobs, 961 F.2d 359, 367 (2d Cir.1992). Proceedings are "terminated in favor of the accused" when their final disposition is such as to indicate the accused is not guilty. DiBlasio v. City of New York, 102 F.3d 654, 657 (2d Cir.1996). "Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence." Fulton v. Robinson, 289 F.3d 188, 196 (2d Cir. 2002). A dismissal "in the interest of justice" under New York Criminal Procedure Law § 170.40 "cannot provide the favorable termination required as the basis for a claim of malicious prosecution." Hygh, 961 F.2d at 368 (citing Ryan v. N.Y. Tel. Co., 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487, 493 (1984)). Thus, Plaintiff cannot establish the "favorable termination" element of his malicious prosecution claim.

Further, the undisputed facts are that Trooper Boyer never had any prior contact with either Mr. Ketchuck or Ms. Smith before this incident. He attested that he harbored no improper motive in instituting the charges, and that he issued the appearance ticket and filed the accusatory instruments in the Town Court only because of his good faith belief that there was the probable cause to pursue such charges. See Boyer Aff. ¶¶ 11, 13. There are no facts from which a reasonable fact finder could conclude that Trooper Boyer instituted the underlying proceeding with a malicious motive or intent such to state a viable malicious prosecution claim. See Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010)(to prevail on a malicious prosecution claim, a plaintiff must establish, *inter alia*, that the proceeding was begun with malice); Lowth v. Town of Cheektowaga, 82

13

F.3d 563, 573 (2d Cir. 1996)(malice may be proven by showing that the prosecutor had "a wrong or improper motive, something other than a desire to see the ends of justice served")(internal quotation marks omitted).

Finally, for the reason discussed above with regard to Trooper Boyer's entitlement to qualified immunity on the false arrest charge, he is also entitled to qualified immunity on the malicious prosecution claim. That is, under the circumstances it was objectively reasonable for reasonable officers to believe that there was probable cause to commence the prosecution for the offenses charged. Accordingly, the malicious prosecution claim is dismissed.

### c. Abuse of Process

Plaintiff's third claim against Trooper Boyer is for malicious abuse of process in connection with the institution of the Town Court proceeding. "In the criminal context, malicious abuse of process is by definition a denial of procedural due process. . . . Procedural due process forbids the use of legal process for a wrongful purpose." Abreu v. Romero, 2010 WL 4615879, at *8 (S.D.N.Y. Nov. 9, 2010)(citation omitted). To state a claim for the malicious abuse of process, Plaintiff must prove that the Defendant (1) employed regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003). "The pursuit of a collateral objective must occur after the process is issued; the mere act of issuing process does not give rise to a claim." Lopez v. City of New York, 901 F. Supp. 684, 691 (S.D.N.Y.1995) (citing PSI Metals v. Firemen's Ins. Co., 839 F.2d 42, 43 (2d Cir.1988)). In other words, Plaintiff

"must claim that [Defendant] aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." Savino, 331 F.3d at 77. "In New York, such wrongful purposes have included economic harm, extortion, blackmail, and retribution." Abreu, 2010 WL 4615879, at *8 (citing Bd. of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, 38 N.Y.2d 397, 404 (1975)).

Plaintiff's malicious abuse of process claim fails as the facts are devoid of any allegations concerning any "collateral objective" that Defendants may have had in instituting criminal charges against Plaintiff. There is no factual basis upon which a reasonable fact finder could conclude that the issuance of the appearance tickets to Plaintiff was motivated by anything other than Trooper Boyer's good-faith belief that he had probable cause to conclude that Plaintiff had engaged in conduct that constituted trespass and/or criminal mischief. Furthermore, there is no evidence that Trooper Boyer had any involvement in the prosecution of the case against Plaintiff after he issued the appearance tickets on October 31, 2008. Under these uncontested facts, the claim fails as a matter of law.

Finally, and assuming *arguendo* that a viable malicious prosecution claim existed, Trooper Boyer is entitled to qualified immunity on the claim in that there existed, at the least, arguable probable cause to commence the criminal proceeding. This arguable probable cause provides an objectively reasonable justification for issuing process commencing the underlying proceeding. Cf. Abreu, 2010 WL 4615879, at *8 ("While probable cause is not an element of an abuse of process claim, under New York law, a showing of probable cause at the time process issued suffices . . . to establish excuse or justification for the purposes of a defense to abuse of process.")(internal quotation marks

15

and citation omitted).   Accordingly, the abuse of process claim is dismissed.

## V.    CONCLUSION

For the reasons discussed above, Defendant's motion for summary judgment [dkt. # 15] is **GRANTED** and all claims in this case are **DISMISSED**.

**IT IS SO ORDERED**

**Dated:** October 25, 2011

Thomas J. McAvoy
Senior, U.S. District Judge